IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**ANDRE DAVID LEFFEBRE,**

           Petitioner,

v.

**US ATTORNEY GENERAL MERIT GARLAND and FBOP DIRECTOR M.D. CARVAJAL,**

           Respondents.

**Civil Action No.:5:21-cv-57**
Judge Bailey

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On April 16, 2021, Andre Leffebre, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] (the "Petition"). The petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his convictions from both the Southern District and Eastern District of Texas. On April 19, 2021, the petitioner paid the $5 filing fee. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

### II.  BACKGROUND[1]

---

[1] Unless otherwise noted, the information in this section is taken from the petitioner's criminal dockets.  See United States v. Leffebre, 3:05-cr-9 (TXSD) and United States v. Leffebre, 1-06cr-55 (TXED. In particular, the undersigned has relied on the petitioner's PSRs which was scanned by the sentencing courts to the pro se law clerk assigned to this case   Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts

**A. Southern District of Texas**

On May 12, 2005, a one-count Indictment was filed in the United States District Court for the Southern District of Texas, which charged the petitioner knowingly possessed a firearm after having been convicted of three violent felonies in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). A jury found him guilty on November 15, 2005.

A Presentence Investigation Report ("PSR") was filed on March 2, 2006. The petitioner's base offense level was 24, and he received a two level enhance because the firearm found in his possession had been reported stolen. Therefore, his adjusted offense level/total offense level was 26. In addition, he received a Chapter IV enhancement because he had previously been convicted of at least three prior violent felonies as defined in 18 U.S.C. § 924(e)(2)(B). Because his instant offense was a conviction for 18 U.S.C. § 922(g), and he was subject to the enhancement provisions of 18 U.S.C. § 924(e), he was an armed career criminal within the meaning of U.S.S.G. § 4B1.4. Accordingly, his offense level was 33 rather than the lower level of 26. His total criminal history points were 15 which established a criminal history category of VI. The sentencing options contained in the PSR were a statutory minimum of 15 years and a maximum of life and a guideline range of 235 to 293 months. The sentencing hearing was conducted on March 24, 2006, and the petitioner was ordered committed to the custody of the BOP for a total term of 293 months, to be followed by a five-year term of supervised release. The petitioner filed a Notice of Appeal that same day, although the

---

"may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

judgment was not entered until April 3, 2006.

On January 19, 2007, the Fifth Circuit Court of Appeals affirmed the judgment. The petitioner then sought relief pursuant to 28 U.S.C. § 2255.  In February of 2008, the District Court denied the motion to vacate.  On July 21, 2008, the petitioner filed another § 2255 motion which the District Court dismissed as successive.

On July 22, 2016, the petitioner filed yet another § 2255 motion arguing that he was entitled to resentencing pursuant to Johnson v. United States, 575 U.S. 591 (2015).  Finding that nothing in the record indicated that § 924(e)(2)(B)(ii) played any role in his sentencing, the District Court found that Johnson provided the petitioner no substantive relief under section 2255.  Accordingly, the petition was dismissed with prejudice and a certificate of appealability was denied.

### B. Eastern District of Texas

On May 3, 2006, a Federal Grand Jury in the Eastern District of Texas returned a two-count indictment against the petitioner. Count 1 charged him with Bank Robbery, a violation of 18 U.S.C. 2113(a) and (d), and Count 2 charged him with Brandishing a Firearm During and in Relation  to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  Both offenses occurred on September 1, 2004.  On August 2, 2006 a Federal Grand Jury returned a three-count superseding indictment against the petitioner. Counts 1 and 2 were identical to the original indictment and Count 3 charged the petitioner with being a Felon in Possession of a Firearm, an offense that occurred on September 1, 2004, in violation of 18 U.S.C. § 922(g)(1).

On April 4, 2007, a jury returned a verdict finding the petitioner guilty of Counts 1 and 2 of the Superseding Indictment.  The Government moved to dismiss Count 3 of the

Superseding Indictment at trial.

A PSR was filed on November 19, 2007.  The petitioner was deemed a career offender based on his three separate convictions for Burglary of a Habitation.  Accordingly, the petitioner's total offense level was 34.  The petitioner's criminal history category was VI.  The statutory maximum term of imprisonment for Count 1 was 25 years, and the minimum term of imprisonment for Count 2 was 7 years with a maximum term of Life.  In addition, any sentence imposed on Count 2 would be consecutive to any other term of imprisonment.   Based on a total offense level of 34 and a criminal history category of VI, the guideline range was 262 to 327 months.  However, because the petitioner is a career offender and was convicted of 18 U.S.C. § 924(c)(1), and because there was no reduction for acceptance of responsibility, the guideline range was 360 months to Life imprisonment, pursuant to U.S.S.G. § 4B1.1(c)(2)(B) and (e)(3).

On November 26, 2007, the petitioner was committed to the custody of the BOP for a total term of 384 months. The sentence consisted of 300 months as to Count 1 of the Superseding Indictment and 84 months as to Count 2 of the Superseding Indictment, which was required to run consecutive to Count 1.  In addition, his 300 months sentence was ordered to run concurrently to his sentence in the Southern District of Texas and his 84 months sentence was required to run consecutive to said sentence. With an effective sentence of 384 months, the petitioner's projected release date, via good conduct time, is February 23, 2034.  See www.bop.gov/inmateloc.

The petitioner filed a Notice of Appeal.  On March 31, 2008, the Fifth Circuit Court of Appeals dismissed the appeal for want of jurisdiction due to his failure to timely order transcripts.

On October 30, 2008, the petitioner filed a motion pursuant to 28 U.S.C. § 2255. In it, the petitioner argued, among other things, that the district court lacked jurisdiction because the criminal jurisdictional statute was not properly enacted into law. On June 16, 2011, the § 2255 motion was denied, and the court declined to issue a certificate of appealability. On March 8, 2012, the Fifth Circuit Court of Appeals denied a Certificate of Appealability.

On June 20, 2016, the petitioner filed a second § 2255 motion raising a claim for relief under Johnson, supra. On November 13, 2016, the motion was denied because it was second and successive, and the petitioner had not sought a certification from the court of appeals to file a second or successive § 2255 motion.

On September 9, 2019, the petitioner filed a Motion for Leave to File a Successive §2255 motion which was transferred to the Fifth Circuit. On December 2, 2020, the Motion was denied.

### III. STANDARD OF REVIEW

A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to §

5

2254).

B. Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

## IV. CLAIMS OF THE PETITION

The petitioner's claims are difficult to discern. However, it appears he is alleging that with respect to his 922(g) conviction in the Southern District of Texas, there was no proof that he was in possession of firearm in question. Ha appears to argue that the weapon was "thrown down" in an effort to get him to work as an informant. He also alleges that the indictment in that case did not have the foreman's signature. In addition, he alleges claims of ineffective assistance of counsel and violations of the Federal Rules of Evidence. He also alleges that he was denied his trial transcripts. He also appears to allege that his sentence was improperly enhanced under the residual clause of § 924(e)(1). With respect to his conviction in the Eastern District of Texas for Bank Robbery and Brandishing a Firearm, the undersigned is unable to discern any argument advanced by the petitioner challenging either his conviction or sentence.

For relief, the petitioner requests that the Court grant him an order of immediate release

## V.　　APPLICABLE LAW

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time

or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, a petitioner asserting "actual innocence" may establish "that §2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

> (1) at the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and** (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones at 333-34 (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719

8

F.3d 583, 588 (7th Cir. 2013)).  In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions."  Id. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added).  The Fourth Circuit further specified that a change of the substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler.  Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones or Wheeler test for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

## VI.   ANALYSIS

Although the petitioner refers to the savings clause, he is not entitled to its application. First, to the extent that the petitioner is challenging his conviction in either the Southern District or Eastern District of Texas, even if he satisfied the first and third

9

elements of Jones, the crimes for which he was convicted remain criminal offenses, and therefore, he cannot satisfy the second element of Jones. Next, to the extent that the petitioner is challenging his sentence in the Southern District of Texas, he clearly misunderstands the ruling in Johnson.

In Johnson, the Supreme Court considered a provision of the ACCA that creates a sentencing enhancement for possessing a firearm in the commission of a federal felony when the defendant already has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. § 924(e)(1); see id. § 922(g). The ACCA defines a "violent felony" as a crime punishable

> …by imprisonment for a term exceeding one year… that
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another.***

18 U.S.C. § 924(e)(2)(B)(emphasis added).

The closing words of this definition, bolded and italicized above, have come to be known as the Act's residual clause. In Johnson, the Supreme Court held that imposing an increased sentence under the residual clause violated due process.

On January 8, 2016, the Supreme Court granted a writ of certiorari to resolve a split in the circuits as to whether Johnson applied retroactively to the sentences of defendants whose convictions had become final. Welch v. United States, 577 U.S. 790 (2016). On April 18, 2016, the Supreme Court determined that Johnson changed the substantive reach of the Act, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that Johnson

announced a new substantive rule that applies retroactively to cases on collateral review.[2]

However, the petitioner's sentence was not enhanced under the residual clause. Instead, it was enhanced under the enumerated clause which contains the crime of burglary. The petitioner's PSR establishes that he has three prior convictions for Burglary of a Habitation. The first involved Cause Number A890142 in Orange County Texas and notes that the offense occurred on or about March 8, 1989 and resulted in a sentence of 45 years confinement. The second involved Cause Number A890499 in Orange County, Texas, and notes that the offense occurred on or about November 1, 1989 and resulted in a sentence of 45 years which was ordered to run concurrently to cause number A890142. The third offense involved Cause Number A890500 and notes that the offense occurred on or about November 2, 1989 and resulted in a sentence of 45 years which was ordered to run concurrently to cause number A890142. He was paroled from the sentence in each case on November 13, 2004 and will discharge from parole on November 13, 2034.

Because the petitioner cannot satisfy the savings clause of § 2255(e) under either Jones or Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and

---

[2] Therefore, if Johnson applies to the petitioner's sentence, he cannot demonstrate that § 2255 is inadequate and ineffective to test the legality of his detention pursuant to his conviction in the Southern District of Texas, and it is too late for him to seek permission to file a second or successive § 2255 motion because the one-year statute of limitations period of 28 U.S.C. § 2255(f)(3) for filing a claim relying on the Supreme Court decision in Johnson expired on June 26, 2018.

dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999.

## VII   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to

12

his last known address as reflected on the docket sheet.

**DATED: May 24, 2021**

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE