IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**ANDRE DAVID LEFFEBRE,**

        Petitioner,

v.                                   **CIVIL ACTION NO. 5:21-CV-57**
                                         Judge Bailey

**US ATTORNEY GENERAL MERIT
GARLAND** and **FBOP DIRECTOR M.D.
CARVAJAL,**

        Respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 13]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on May 24, 2021, wherein he recommends the § 2241 petition be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND

Petitioner is a federal inmate incarcerated at USP Hazelton in the Northern District of West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on March

1

16, 2021, pursuant to 28 U.S.C. § 2241, challenging the validity of his convictions from both the Southern District of Texas and the Eastern District of Texas.[1]

## A. Southern District of Texas

On May 12, 2005, a one-count Indictment was filed in the United States District Court for the Southern District of Texas, which charged petitioner with knowingly possessing a firearm after having been convicted of three violent felonies in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). A jury found petitioner guilty on November 15, 2005.

A Presentence Investigation Report ("PSR") was filed on March 2, 2006. Petitioner's base offense level was 24, and he received a two-level enhancement because the firearm found in his possession had been reported as stolen. Therefore, his adjusted offense level was 26. In addition, he received a Chapter IV enhancement because he had previously been convicted of at least three prior violent felonies as defined in 18 U.S.C. § 924(e)(2)(B). Because of his conviction and enhancement, petitioner was deemed an armed career criminal within the meaning of U.S.S.G. § 4B1.4. Accordingly, his offense level was raised to 33. Moreover, his total criminal history points were 15, which set petitioner in a criminal history category of VI. As such, the PSR highlighted a statutory minimum of fifteen years imprisonment and a maximum of life imprisonment, and a guideline range of 235 to 293 months.

The sentencing hearing took place on March 24, 2006, and petitioner was committed to the custody of the BOP for a total term of 293 months, to be followed by a five-year term of supervised release. Petitioner filed a Notice of Appeal, but the United States Court of Appeals for the Fifth Circuit affirmed petitioner's conviction. In February 2008, petitioner

---

[1] Both cases are available for review on PACER at *United States v. Leffebre*, 3:05-CR-9 (S.D. Texas) and *United States v. Leffebre*, 1:06-CR-55 (E.D. Texas).

2

sought relief pursuant to 28 U.S.C. § 2255, which the district court denied. On July 21, 2008, petitioner filed another § 2255 motion, which the district court dismissed as successive.

On July 22, 2016, petitioner filed yet another § 2255 motion arguing that he was entitled to resentencing pursuant to *Johnson v. United States*, 575 U.S. 591 (2015). Finding nothing in the record indicating that § 924(e)(2)(B)(ii) played any role in his sentencing, the district court found that *Johnson* provided petitioner no substantive relief under § 2255. Accordingly, the petition was dismissed with prejudice and a certificate of appealability was denied.

### B.     Eastern District of Texas

On May 3, 2006, a grand jury in the Eastern District of Texas returned a two-count indictment against petitioner. Count I charged him with bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and Count II charged him with brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On August 2, 2006, a grand jury returned a three-count superseding indictment against petitioner charging a superseding third count against petitioner for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

On April 4, 2007, a jury returned a verdict finding petitioner guilty of counts I and II, while the Government moved to dismiss count III of the superseding indictment at trial. A PSR was filed on November 19, 2007. Therein, petitioner was deemed a career offender based on his three separate convictions for burglary of a habitation. Accordingly, petitioner's total offense level was 34. Petitioner's criminal history category was VI. The statutory maximum term of imprisonment for count I was 25 years, and the minimum term of imprisonment for count II was 7 years with a maximum term of life imprisonment. Based on a total offense level of 34 and

3

a criminal history category of VI, petitioner's guideline range was 262 to 327 months. However, because petitioner was a career offender and was convicted to be in violation of 18 U.S.C. § 924(c)(1), the guideline range was elevated to 360 months to life imprisonment pursuant to U.S.S.G. § 4B1.1(c)(2)(B) and (e)(3).

On November 26, 2007, petitioner was committed to the custody of the BOP for a total term of 384 months. That sentence consisted of 300 months as to count I of the superseding indictment and 84 months as to count II of the superseding indictment, which was required to run consecutive to count I. In addition, petitioner's 300 month sentence was ordered to run concurrently to his sentence in the Southern District of Texas, as was his 84 month sentence. Petitioner filed a notice of appeal, and on March, 31, 2008, the United States Court of Appeals for the Fifth Circuit dismissed the appeal for want of jurisdiction due to petitioner's failure to timely order transcripts.

On October 30, 2008, petitioner filed a motion pursuant to 28 U.S.C. § 2255. Therein, petitioner argued, *inter alia*, that the district court lacked jurisdiction because the criminal jurisdictional statute was not properly enacted into law. On June 16, 2011, the § 2255 motion was denied, and the district court declined to issue a certificate of appealability. On March 8, 2012, the United States Court of Appeals for the Fifth Circuit denied a certificate of appealability.

On June 20, 2016, petitioner filed a second § 2255 motion raising a claim for relief under *Johnson v. United States*, 575 U.S. 591 (2015). On November 13, 2016, the motion was denied because it was second and successive. On September 9, 2019, petitioner filed a motion for leave to file a successive §2255 motion, which was transferred to the United States Court of Appeals for the Fifth Circuit. On December 2, 2020, the motion was denied.

4

### C. Petitioner's Claims

As noted by the Magistrate Judge, petitioner's pending claims are difficult to discern. Based on a review of the petitioner, it appears that petitioner is alleging, with respect to his 922(g) conviction in the Southern District of Texas, that there was no proof he was in possession of the firearm in question. Additionally, he alleges that the indictment in that case did not have the foreman's signature. Further, he alleges claims of ineffective assistance of counsel and violations of the Federal Rules of Evidence. Moreover, he contends he was improperly denied his trial transcripts. Petitioner also argues his sentence was improperly enhanced under the residual clause of § 924(e)(1).

Concerning his conviction in the Eastern District of Texas for bank robbery and brandishing a firearm, this Court–like the Magistrate Judge–is unable to discern any argument advanced by petitioner challenging either his conviction or sentence.

For relief, petitioner requests this Court to grant him an order of immediate release.

### II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's

proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his Objections [Doc. 18]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. APPLICABLE LAW

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. ***Rice v. Rivera***, 617 F.3d 802, 807 (4th Cir. 2000); ***In re Vial***, 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. 28 U.S.C. § 2255(h).

Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law" has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." *Anderson v. Pettiford*, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. *In re Vial*, 115 F.3d at 1194, n.5; *In re Jones*, 226 F.328, 333 (4th Cir. 2000.)

7

However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. *Id.*

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, a petitioner asserting "actual innocence" may establish "that § 2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

> (1) at the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones* at 333–34 (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), *reh'g en banc denied,* (quoting *Brown v. Caraway*, 719 F.3d 583, 588 (7th Cir. 2013)). In *Wheeler*, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and *Jones* is applicable to fundamental sentencing errors, as well as undermined convictions." *Id.* at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and

8

ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429 (emphasis added). The Fourth Circuit further specified that a change of the substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in *Wheeler*. *Id.*

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the *Jones* or *Wheeler* test for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. *See Wheeler*, 886 F.3d at 423-26.

## IV. DISCUSSION

Although petitioner refers to the savings clause, the Magistrate Judge properly concluded that he is not entitled to its application. First, to the extent that petitioner is challenging his conviction in either the Southern District or Eastern District of Texas, even if

9

he satisfied the first and third elements of *Jones*, the crimes for which he was convicted remain criminal offenses. Therefore, he cannot satisfy the second element of *Jones*.

Next, to the extent that the petitioner is challenging his sentence in the Southern District of Texas, he misunderstands the ruling in *Johnson*. As articulated by the Magistrate Judge, in *Johnson* the Supreme Court of the United States considered a provision of the ACCA that creates a sentencing enhancement for possessing a firearm in the commission of a federal felony when the defendant already has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as a crime punishable

> ... by imprisonment for a term exceeding one year ... that
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

18 U.S.C. § 924(e)(2)(B) (emphasis added). The emphasized portion of the aforementioned statute is known as the Act's "residual clause." In *Johnson*, the Supreme Court of the United States held that imposing an increased sentence under the residual clause violated due process.

On January 8, 2016, the Supreme Court granted a writ of certiorari to resolve a split in the circuits as to whether *Johnson* applied retroactively to the sentences of defendants whose convictions had become final. *See Welch v. United States*, 577 U.S. 790 (2016). On April 18, 2016, the Supreme Court of the United States determined that *Johnson* changed the substantive reach of the Act, and therefore was substantive because it affected

10

the reach of the underlying statute rather than the judicial procedures by which the statute was applied. There, the Supreme Court of the United States held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.

Here, however, petitioner's sentence was not enhanced under the residual clause. Rather, it was enhanced under the enumerated clause which contains the crime of burglary. As noted above, petitioner's criminal history demonstrates that he has three prior convictions for burglary of a habitation. Therefore, because petitioner cannot satisfy the savings clause of § 2255(e) under either *Jones* or *Wheeler*, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. While petitioner reasserts his arguments contained in his petition concerning the applicability of *Johnson* and jurisdiction, this Court overrules those objections based on the foregoing analysis and the well reasoned conclusions of the Magistrate Judge concerning the same.

As noted by the Magistrate Judge, when subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998); *Reinbold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. CONCLUSION

Having reviewed the R&R both *de novo* and for clear error, it is the opinion of this Court that the Report and Recommendation **[Doc. 13]** should be, and is, hereby **ORDERED ADOPTED** for the reasons contained herein and more fully in the magistrate judge's report. Accordingly, this Court **ORDERS** that the § 2241 petition **[Doc. 1]** be **DENIED** and

**DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** July **7**, 2021.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**